# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

Dec 08 2017, 10:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Troy D. Warner
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher Betts, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 8, 2017 <br><br> Court of Appeals Case No. 71A03-1705-CR-1234 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Elizabeth Hardtke, Magistrate <br><br> Trial Court Cause No. 71D07-1609-CM-4659 |

**Barnes, Judge.**

## Case Summary

[1] Christopher Betts appeals his conviction for class A misdemeanor invasion of privacy.

## Issue

[1] The sole issue before us is whether sufficient evidence exists to sustain Betts's conviction.

## Facts

[2] Betts and A.R. dated for ten years and have a daughter together. On October 6, 2014, the St. Joseph Circuit Court issued a protective order that: (1) enjoined Betts from threatening to commit or committing acts of domestic or family violence against A.R. or her children; and (2) prohibited him from harassing, annoying, telephoning, contacting, or communicating directly or indirectly with A.R. The protective order prohibited Betts from going to A.R.'s workplace, her children's schools and bus stops, and the site of their daughter's after-school program. On October 7, 2014, the protective order was served upon Betts when a sheriff hung it upon the door of his residence in South Bend. The St. Joseph Circuit Court ordered that the protective order would expire on October 6, 2016.

[3] On September 4, 2015, Betts telephoned A.R. to speak with their daughter. A.R. and Betts discussed the protective order. On March 22, 2016, A.R. was in the parking lot of her St. Joseph County workplace. From a distance of approximately two hundred feet and across the street, Betts shouted to A.R.

"over and over again," using his nickname for her, and asking to borrow her car. Tr. p. 19. A.R. "rushed" into her workplace. *Id.* at 26.

[4] On September 19, 2016, the State charged Betts with class A misdemeanor invasion of privacy.[1] A.R. testified to the foregoing facts at a bench trial. In the following colloquy, she testified that, as of September 4, 2015, Betts knew that the protective order was in effect:

> Q. [A.R.], in that September of 2015 conversation, did you discuss the protective order with Mr. Betts?
>
> A: Yes.
>
> Q: What did Mr. Betts say in regards to that protective order?
>
> A: Well he knew we weren't supposed to have contact, but he made contact, because it was [Betts's and his daughter's] birthday and he had asked that he could see her for her birthday.
>
> Q: And what did he say specifically in regards to that protective order?
>
> A: We discussed the protective order, that there was one in place. He knew there was one in place.

---

[1] The State charged Betts with two separate violations of the same protective order. The causes, 71D04-1610-CM-005039 and 71D07-1609-CM-004659, were consolidated for purposes of trial. This appeal pertains only to cause 71D07-1609-CM-004659, the instant workplace violation.

*Id.* at 25.  Additionally, the State presented a BMV driving record that indicated that Betts resided at 3550 Northside Boulevard, Apartment A4, South Bend, at the time that notice of the protective order was served at that address.  Betts testified that, on the date in question, he just happened to be across the street from A.R.'s workplace, but he "didn't know she worked there"; that he saw A.R., but did not speak to her; and that he was unaware of the protective order. *Id.* at 47.

[5] The trial court found Betts guilty and sentenced him to 180 days executed on 71D07-1609-CM-004659.[2]  Betts now appeals.

## Analysis

[6] Betts argues that the State failed to present sufficient evidence to support his conviction.   When reviewing the sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the verdict.  *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007).  We do not assess witness credibility or reweigh evidence.  *Id.*  We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id*.  The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.  *Id.* at 147.  The uncorroborated testimony of one witness

---

[2]   The trial court also found Betts guilty and sentenced him to 90 days executed on 71D04-1610-CM-005039. The trial court ordered the sentences to be served consecutively.

can be sufficient to sustain a conviction, even when that witness is the victim. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012).

[7] To prove that Betts committed class A misdemeanor invasion of privacy, the State was required to prove that he knowingly or intentionally violated the October 6, 2014, protective order, which was issued under Indiana Code Chapter 34-26-5 to prevent domestic or family violence against A.R.

[8] Betts contends that: (1) he was never served with the protective order; (2) the protective order did not require him to maintain a specific distance from A.R.; (3) he was near A.R.'s workplace for an innocent reason and "[A.R.] stumbled on [him] on her way to work," Appellant's Br. p. 9; and that he, therefore, did not knowingly or intentionally violate the protective order.

[9] Here, the State presented evidence that the protective order was served at Betts's residence in October 2014, along with A.R.'s testimony that Betts was aware of the protective order long before the alleged workplace violation in March 2016, when Betts appeared near A.R.'s workplace, shouted at her repeatedly, and asked to use her car. Based on the foregoing evidence and reasonable inferences from it, the trial judge could reasonably conclude that Betts knowingly and intentionally violated the protective order issued under Indiana Code Chapter 34-26-5. Betts's arguments on appeal amount to requests that we judge A.R.'s credibility, which we will not do. *See Drane,* 867 N.E.2d at 146. The trial court weighed the witnesses' conflicting testimony and found Betts guilty beyond a reasonable doubt. A.R.'s testimony is sufficient to

support Betts's conviction.  *See Bailey*, 979 N.E.2d at 135 (holding a conviction may be based upon a single witness's uncorroborated testimony).

# Conclusion

Sufficient evidence exists to sustain Betts's conviction.  We affirm.

Affirmed.

May, J., and Bradford, J., concur.